M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ERIC T. ROSE,

Defendant.

Case No. 4:06-cr-0013-TWH

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JURY TRIAL**

Defendant, Eric T. Rose, by and through counsel M. J. Haden, Staff Attorney, moves this court for a trial by jury in regards to the charges currently pending before this court.

## I. FACTS

Eric Rose is accused by misdemeanor information of one count of violating 18 U.S.C. § 113(a)(4), assault by striking, and one count of violating 18 U.S.C. § 113(a)(5), simple assault. Mr. Rose is alleged to have assaulted his wife. Both counts of the information are Class B misdemeanors carrying a possible six month term of incarceration and/or up to a $5,000 fine and a special monetary assessment. 18 U.S.C. §§ 19, 113(a)(4)

& (5); 18 U.S.C. § 3571(b)(6); Fed. R. Crim. P. 58. However, because Mr. Rose is charged with a assault upon his wife, there is also a serious collateral consequence of a conviction under 18 U.S.C. § 113(a)(4) & (5) as it relates to 18 U.S.C. § 922(g)(9). Under 18 U.S.C. § 922(g)(9), a person who has been convicted of a misdemeanor crime of domestic violence is considered a prohibited person, making it illegal for that person to ever possess firearms or ammunition. The penalty for violating the lifetime prohibition prescribed by 18 U.S.C. § 924 is up to ten years imprisonment and/or a fine of up to $250,000. Because of the serious collateral consequences associated with this assault charge, Mr. Rose is entitled to a jury trial.

## II. ARGUMENT

The Sixth Amendment to the United States Constitution provides, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." United States Const. Amend. VI. See also United States Const. Art. III § 2 ("The trial of all Crimes, except in Case of Impeachment, shall be by Jury"). Nevertheless, the Supreme Court has long recognized that the right to jury trial is not absolute. Beginning with Callan v. Wilson, 127 U.S. 540 (1888), the Court has distinguished so called "petty" offenses from more serious crimes, and has held that as a general rule, the right to jury trial does not extend to "petty" criminal offenses.[1]

---

[1] The definition for the term "petty offense" is found at 18 U.S.C. § 19, which reads: As used in this title, the term "petty offense" means a Class B misdemeanor, Class C misdemeanor, or an infraction, for which the maximum fine is not greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual or section 3571(c)(6) or (7) in the case of an organization.

In determining whether an offense was "petty," the Supreme Court's early cases focused on the nature of the offense and treatment of the offense under common law. Id. This focus would suggest that a defendant charged under 18 U.S.C. § 113(a)(4) should have a right to a jury trial as the Ninth Circuit has held that the definition of "assault" as used in § 113 to be construed as the equivalent to common law assault requiring that the act be willful. United States v. Juvenile Male, 930 F.2d 727 (9th Cir. 1991). Thus, the offense of assault is malum in se, which also weighs in favor of requiring a jury trial. See United States v. Arbo, 691 F.2d 862, 864 (9th Cir. 1982).

As the case law developed, however, the Court sought more objective indicia of seriousness in deciding which offenses were exempt from the Sixth Amendment requirement of a jury trial. See Blanton v. City of North Las Vegas, 489 U.S. 538, 541 (1988). In Duncan v. Louisiana, 391 U.S. 145 (1968), the Court identified the maximum authorized penalties as a major factor in determining the seriousness of an offense. The Duncan Court, in addressing Louisiana's contention that defendant Duncan was not entitled to a jury trial because he was sentenced to only sixty days in the parish prison, restated the rule for federal offenses: "Crimes carrying possible penalties up to six months do not require a jury if they otherwise qualify as petty offenses. But the penalty authorized for a particular crime is of major relevance in determining whether it is serious or not and may in itself, if severe enough, subject the trial to the mandates of the Sixth Amendment." Id. at 150. The Court noted that "[i]n the late 18th century in America crimes triable without a jury were for the most part punishable by not more than a six-month prison term, although, there appears to have been exceptions to this rule." The Court declined, however, to settle the exact location of the line between petty and serious crimes, finding

it sufficient to hold that a crime punishable by two years imprisonment was not a petty offense.

In recent years, however, the Supreme Court has moved toward a focus on "objective indications of the seriousness with which society regards the offense." Blanton v. City of North Las Vegas, 489 U.S. 538, 541 (1988). In Blanton, the Court moved closer to a rule distinguishing petty offenses from other crimes solely by reference to penalty. Although the Court did not overrule its "early decisions focus[ing] on the nature of the offense and on whether it was triable by a jury at common law," id. at 541, the decision in Blanton adopted a presumption that society views an offense punishable by six months' imprisonment or less as petty. Id at 543. The Court justified its "decision to move away from inquires into such matters as the nature of the offense," and to rely instead on the objective measure of the authorized penalty, in part on "the substantial number of statutory offenses lacking common-law antecedents," id. at 541 n. 5. The views of society about the seriousness of an offense expressed through the legislature matter only when the penalty itself does not "puncture the 6-month incarcerations line." Id. at 543.

Title 18 U.S.C. § 113(a)(4) does not puncture the six-month incarceration line. But, Blanton did not hold that imprisonment is the only punishment to be considered in determining whether an offense is petty. While the court did note that "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarcerations," id. at 542, it recognized that other penalties should to be considered.

> "In using the word 'penalty,' we do not refer solely to the maximum prison term authorized for a particular offense. A legislature's view of the seriousness of an offense also is reflected in the other penalties that is attached to the offense. We thus examine 'whether the length of the authorized prison term *or the seriousness of other punishment* is enough in

> itself to require a jury trial.'" Duncan, 391 U.S. at 161, 88 S. Ct. at 1453 (emphasis added).

Blanton, 489 U.S. at 542. The Court expressly declined to hold that an offense carrying a maximum prison term of six months or less "automatically qualifies as a 'petty offense'" and held that a defendant is entitled to a jury trial "if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in questions is a 'serious' one." Id. at 543.

**III. MR. ROSE IS ENTITLED TO A JURY TRIAL**

In the present case, the question is whether the lifetime prohibition of possession of a firearm in addition to six months' imprisonment makes the offense serious under Blanton and therefore entitles defendant to a jury trial.[2] Applying the above legal framework to Mr. Rose's case makes it clear that a conviction for this Class B misdemeanor subjects him to a much more serious outcome that would befall one convicted of a truly petty offense. Mr. Rose stands to lose his right to bear arms, a right protected by the Second Amendment. In addition, because Mr. Rose is currently a member of the National Guard, he risks losing his employment because his job requires that he be eligible to carry a firearm. In United States v. Smith, 151 F. Supp. 2d 1316 (N.D.

---

[2] Mr. Rose is charged with one count of assault by striking and one count of simple assault, thus his potential exposure is one year imprisonment. Although the court in Lewis v. United States, 518 U.S. 322 (1996), held that a defendant prosecuted in a single proceeding for multiple petty offenses does not have a Sixth Amendment right to a jury trial where the aggregate prison term authorized for the offenses exceeds six months, Mr. Rose would note J. Kennedy's concurring opinion stating that the Lewis holding is "one of the most serious incursions on the right to jury trial in the Court's history and it cannot be squared with our precedents." Id. at 2169.

Oklahoma 2001), defendant Smith faced identical circumstances of being charged with § 113(a)(4) where the alleged victim was an ex-spouse making it a crime of domestic violence. The Court held that "a lifetime prohibition on the possession of a firearm is a serious penalty and, when combined with six months' imprisonment, entitles a Defendant to the common-sense judgment of a jury." The court states:

> Possession of a firearm for military purposes, self protection and sport has been an important aspect of American life throughout our history. Today, the issue of Governmental restriction of firearm possession is hotly debated. Substantial segments of American society hold strong opinions on the issue. Many advocate strict government restrictions on the ability to possess firearms while many others take the opposite view and consider firearms possession to be an integral part of their lives. In this context, the issue is very serious. Moreover, the categories of persons prohibited from possessing firearms under 18 U.S.C. § 922(g) and the penalties imposed under 18 U.S.C. § 924 for violating the prohibition (10 years) demonstrate that Congress views the prohibition as serious.

Id. at 1317.

Indeed, the loss of the right to possess a firearm is a serious infringement on a young man's liberty. In addition, the loss of employment could have a devastating financial impact. The implication of this constitutional right by virtue of a potential conviction takes this otherwise petty offense outside the realm of the ordinary petty offense to which no jury right attaches and designates it as a serious offense as contemplated in Blanton – so serious that Mr. Rose should be granted the right to have a jury of his peers hear the evidence to be presented against him.

DATED this 17th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on May 17, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Robert J. Warren, Esq.

/s/ M. J. Haden