M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ERIC T. ROSE,<br><br>　　　　　Defendant. | Case No. 4:06-cr-0013-TWH<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss. |

　　　　　M. J. Haden, being first duly sworn upon oath, deposes and states:

　　　　　1.　　I am the attorney in the above-captioned case.

　　　　　2.　　At the current time, the sentencing in the above-styled case is set for Friday, September 8, 2006.  In addition, a detention hearing is current scheduled for August 30, 2006, to allow Mr. Rose to turn himself in to the U.S. Marshals in order to avoid involving the Bureau of Prisons (BOP) in the designation process. The dates of these proceedings were scheduled to comply with Mr. Rose's work schedule and to allow the

least amount of time be taken from his job in order to serve his anticipated period of imprisonment as they extend over the Labor Day weekend.

3.  Recently, undersigned learned that in a case involving a sentence of 30 days or less, the BOP need not be involved in the designation process as the United States Marshal's Service is responsible for these sentences of short duration. Undersigned has verified this policy with U.S. Marshal Stacey Melton.

4.  On, Wednesday, August 16, 2006, undersigned received a telephone call from Eric Rose. Mr. Rose advised that he had been informed by his superiors that he would not be allowed to take off August 30th through the 31st and then September 5th through the 8th without also using vacation days for the actual days he would normally be off, (i.e., September 1st through September 4th). Thus, instead of saving him time, the schedule currently arranged would be costing him an additional four days of leave – leave that he does not have accrued. Undersigned spoke with SAUSA Warren and he verified that Mr. Rose's representations are true. If Mr. Rose requested leave from August 30th until September 8th, he would be charged the full ten days even though he would not normally be required to work four of those days.

5.  Thus, based on the newly-learned BOP and U.S. Marshal's policy, Mr. Rose asks that the court reschedule his sentencing date to September 1, 2006, and vacate the detention hearing now set for August 30, 2006.

6.  Undersigned spoke with SAUSA Warren. He is unopposed to rescheduling the sentencing to September 1, 2006, as long as the proceeding is set after 1:00 p.m., as he is unavailable before that time. He also requests that he be allowed to appear telephonically. Mr. Rose is unopposed to his requests.

7.  Undersigned also spoke with Senior Probation Officer Marci Lundgren. She is unopposed to rescheduling the sentencing for September 1, 2006, and vacating the detention hearing set for August 30, 2006.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

M. J. Haden

SUBSCRIBED AND SWORN to before me this 17th day of August 2006.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on August 17, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Robert J. Warren, Esq.

/s/ M. J. Haden